24 C.C.P.A.(Patents)

## In re BORGLIN.

### Patent Appeal No. 3695.

Court of Customs and Patent Appeals.

Dec. 7, 1936.

George J. Harding, of Philadelphia, Pa., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the primary examiner rejecting claims 25 and 26 of the appellant's application for patent on an alleged new and useful method of refining rosin esters. The appellant's method is fairly well described in the rejected claims, which are as follows:

"25. The method of refining an abietic acid ester containing latent color bodies, which includes subjecting the abietic acid ester in solution in an organic solvent to treatment with an organic solvent having a preferential affinity for the latent color bodies contained in the abietic acid ester and which is capable of substantial immiscibility with the solvent for the abietic acid ester and recovering refined abietic acid ester from the solvent for the abietic acid ester.

"26. The method of refining a rosin ester containing latent color bodies, which includes subjecting the rosin ester to treatment with two organic liquids, one primarily a solvent of the rosin ester and one primarily a solvent of latent color bodies contained in the rosin ester, the two liquids being substantially immiscible at normal temperatures, separating the two solutions formed and recovering refined rosin ester from the liquid primarily a solvent of the rosin."

Other claims in the case were allowed, such claims dealing with specific substances which are capable of affecting the separation of color bodies which is desired.

The examiner rejected the said claims on the following references:

Humphrey, 1,715,083, May 28, 1929.
Humphrey, 1,800,834, April 14, 1931.
Kaiser et al., 1,715,088, May 28, 1929.

In addition, the examiner rejected said claims on the ground that they were indefinite, in that they did not point out the applicant's invention, "for the operative solvents are not identified in such manner as would permit one to determine the

scope of such claims without experimenting to a degree which would in itself amount to invention."

The Board of Appeals did not agree with the examiner on this ground of rejection, but did agree with him on the ground that the two patents to Humphrey and the patent to Kaiser et al. anticipated the appellant's application.

The invention of the appellant is a method for purifying and refining rosin esters, and is concerned with the removal of color bodies therefrom, so that, as the materials in which said rosin esters are used become aged, they will not become darkened and discolored. In order to accomplish the desired purpose, rosin esters are dissolved with an organic solvent. To this solution is added "an organic solvent having a preferential affinity for the latent color bodies contained in the abietic acid ester." The effect desired is for the esters to remain in solution with their solvent, while the latent color bodies are dissolved by the other organic solvent. These solvents are chosen with the idea of having them immiscible so far as is possible. After the solvent for the color bodies has done its work, it is then possible, by a separation, to recover the esters comparatively free from the color bodies.

We have examined the reference patents, and are of opinion that the Board of Appeals did not err in its rejection of these claims.

An excerpt from the Kaiser patent, issued May 28, 1929, is as follows:

"Now, in accordance with our invention, we have discovered that wood and gum rosin generally, as well as rosin containing latent color bodies, may be refined and brought up to high grade by treatment of the rosin with two liquids which are substantially immiscible at some definite temperature and one of which will be a solvent of the rosin (abietic acid), but not of the color bodies, while the other will be a solvent of the color bodies and more especially of the latent color bodies.

"The two liquids involved in the treatment in accordance with our invention are preferably organic liquids and the liquid, solvent of the color bodies, may also be a solvent for the rosin and is preferably non-alkaline."

The method in the first Humphrey patent is, to all intents and purposes, the same as that of the applicant here. This is demonstrated by claim 8 of the patent, which is as follows: "8. The method of refining rosin, which includes dissolving rosin in gasoline, adding aniline to the gasoline-rosin solution for the extraction of color bodies from the rosin, heating the gasoline-rosin solution to a temperature at which aniline will go into solution in the gasoline-rosin solution, cooling the solution formed to a temperature at which aniline and extracted color bodies will separate from the gasoline-rosin solution, separating aniline and color bodies from the gasoline-rosin solution and recovering refined rosin from the gasoline-rosin solution."

The second Humphrey patent, No. 1,-800,834, is substantially the same as the first, except that the first patent discloses the use of aniline as a color body, solvent, while, in the second, phenol is used.

It is argued that the action of the examiner in the instant case is inconsistent with the action of the office in the allowance of the claims, particularly 12 and 13, in the Kaiser et al. patent, and that the appellant's claims 25 and 26 are allowable to the same extent as were those in the Kaiser et al. patent. With this, we have nothing to do. As was well stated by the Board of Appeals in this case, if claims in the Kaiser et al. patent have been erroneously allowed, that is a matter for future consideration, when such patent shall be subjected to judicial test. Here we are concerned only with the ground of rejection given by the board, namely, that this claimed invention is anticipated by the references. With that ground we agree, and the decision of the Board of Appeals is affirmed.

Affirmed.